UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22793-BLOOM/Otazo-Reyes

SUN INDUSTRIES, LLC,

     Plaintiff,

v.

UTILITIES ONE, INC.,

     Defendant.

_____/

## ORDER DENYING MOTION TO EXTEND DEADLINE TO AMEND PLEADINGS AND MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Defendant Utilities One, Inc.'s ("Defendant")

Motion to Extend Deadline to Amend Pleadings and Affirmative Defenses, ECF No. [34]

("Motion"), filed on April 28, 2022. Plaintiff Sun Industries, LLC ("Plaintiff") filed a Response in

Opposition, ECF No. [36] ("Response"), on April 29, 2022, to which Defendant filed a Reply,

ECF No. [37] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the

applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is

denied.

## I.     BACKGROUND

Defendant seeks to amend its Answer and Affirmative Defenses. Defendant argues that

there is an unpled defense regarding Plaintiff's licensure that would bar Plaintiff's claim. *See* ECF

No. [34] ¶¶ 5-9. Defendant's request is more than four months after the Court's December 18,

2021 deadline to amend pleadings and less than two months before the Court's discovery deadline

on June 28, 2022. *See* ECF No. [25].[1]

---

[1] The parties appear to mistakenly state that the discovery deadline is May 13, 2022. *See* ECF Nos. [34] ¶ 15, [36] at 1.

Plaintiff responds that Defendant fails to explain how the basis for the purported defense was uncovered through discovery or otherwise hidden from Defendant in a manner that would warrant the Court permitting an amended Answer and Affirmative Defenses at this late stage. *See* ECF No. [36]. According to Plaintiff, although Defendant's Motion refers to newly discovered information that "Plaintiff obtained an Electrical Contractor's License in October 2021," ECF No. [34] ¶ 6, that information has always been public. Plaintiff submits that the Florida Department of Business and Professional Regulation has a public website where Defendant could have discovered that information. *See* ECF No. [36] at 2. Further, Plaintiff argues that it would be prejudiced by the untimely amendment because Plaintiff's licensing in various states, including Florida, creates a new legal argument that would require significant pretrial and briefing and discovery. *See id.* at 2-3.

Defendant replies that Plaintiff will not be prejudiced. *See* ECF No. [37]. Defendant argues that the unpled defense will not present a complicated issue and will not require a duplication of previous discovery. *See id.* Defendant also offers to simplify the issue by stipulating that Plaintiff is licensed outside of the State of Florida. *See id.* at 2.

## II.    LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately,

"the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

In addition, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at Rule 16(b). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). Accordingly, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Therefore, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id.* at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the

extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

Through this lens, the Court addresses the instant Motion.

## III.    DISCUSSION

Deciding whether Defendant is entitled to amend its Answer and Affirmative Defenses raises two overarching issues. The first is whether "good cause" exists pursuant to Rule 16(b) to amend the Court's Scheduling Order and allow Defendant to amend an Answer and Affirmative Defenses more than four months after the deadline. The second is whether there is a "substantial reason" to deny leave to amend under Rule 15(a), such as if the amendment would be futile or would cause undue prejudice to Plaintiff.

Upon review, the Court does not find good cause to allow Defendant to amend its Answer and Affirmative Defenses because Defendant has failed to demonstrate that it could not meet the deadline despite exercising due diligence. As Plaintiff correctly argues, the Florida Department of Business and Professional Regulation has a public website where Defendant could have discovered the information regarding Plaintiff's licensure. *See* ECF No. [36] at 2 (citing *Licensee Details for Toby Berthelot*, Florida Department of Business and Professional Regulation, https://www.myfloridalicense.com/LicenseDetail.asp?SID=&id=D3642E86D8C8C83E0182631 6ECAA011D (last accessed May 6, 2022)). Defendant fails provide any reason why it was unable

to locate the basis for its unpled defense or argue that Plaintiff somehow concealed Plaintiff's

licensure.[2]

### IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No.**

**[34]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 6, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] Given Defendant's failure to establish good cause under Rule 16(b), the Court need not address the "substantial reason" analysis under Rule 15(a). As such, Defendant's reliance on *Elliot v. Williams*, No. 20-81280-CIV, 2020 WL 12689592, at *2 (S.D. Fla. 2020), and *Ayca v. Seven C's Building Maintenance, Inc.*, No. 1:20-CV-20224, 2020 WL 2513105, *3-*4 (S.D. Fla. 2020), to argue that there is no substantial reason to deny leave is inapposite.